McIlvaine, J.
The third section of the act of April 18, 1874 (71 Ohio L. 125), provides “ that before the township trustees of any such township shall take any action toward locating or establishing any ditch, drain, or watercourse, there shall be filed with the township clerk a petition from one or more persons owning lands adjacent to the line of any such proposed ditch, drain, or watercourse, setting forth the necessity of the same, with a substantial description of the proposed starting point, route, and terminus, and shall at the same time file a bond with good and sufficient securities to the acceptance of said township clerk, conditioned to pay all expenses incurred in case the trustees shall refuse to grant the prayer of the petition.”
Admitting that the trustees had iio power to act until a bond as required by the statute was filed, we think there was a compliance with the statute. It is quite clear that the petitioners are not required to sign the bond, nor are they prohibited. The purpose of the legislature appears to have been to secure the township by a plurality of obligors whose sufficiency might be accepted by the clerk; and we see no good reason why this purpose would not be attained, if two of the petitioners (whose sufficiency is approved by the clerk) had been the only obligors on the boud.
2. After the filing of the petition and the bond, which must precede any action by the trustees, the same section makes it the duty of the clerk to prepare certain notices to be given by the petitioners to the land-owners affected by the proceeding; and by section 7 of the act it is provided that on the day set for the hearing of the petition, if the trustees shall find that, said bond has been filed and said notice been given, they shall proceed to determine said petition, etc. The condition here is not that the trustees may proceed if said notice has been given, but they shall proceed if they find that said notice has been given. The record shows that it appeared to the trustees that said notice had been “ duly and legally given to all the parties,” etc. This, we think, under the provisions of this statute, *564 is sufficient, and that their subsequent proceeding can not be held to be void because their record does not show the particular facts from which it appeared the notices had been “ duly and legally given,” etc.
8. Were affidavits competent on the hearing in the distinct court ? Affidavits are made competent testimony upon the hearing of motions generally by section 336 of the code, and by section 503 a motion is defined to be an application for an order addressed to the court, etc. By section 250, it is provided that in all cases where an injunction has been granted, the defendant, at any time before trial, may apply to the court in which the action is brought, or any judge thereof, or to the supreme court, or any judge thereof, to vacate or modify the sameso that it is quite clear that in the court of common pleas, upon the motion of defendants to vacate the injunction, affidavits were competent evidence. Indeed, there is no dispute about this proposition. This being admitted, we must next look to section 5, as amended May 16, 1868 (S. & S. 589), of the act to relieve district courts, and passed April 12,1858 :
“ Sec. 5. Appeals may be taken from final judgments, orders, and decrees, in civil actions, in which the parties have not the right to demand a trial by jury, and from interlocutory orders dissolving injunctions rendered by any court of common pleas, or any judge thereof, in any case in which such court of common pleas has original jurisdiction, by any party against whom such judgment or order shall be rendered, or who may be affected thereby, to the district court; and the action so appealed shall be again tried, heard, and decided in the district court in the same mauuer as though such district court had original jurisdiction of the action.”
Under this statute, the appeal below was taken from an interlocutory order dissolving an injunction. There is no doubt the order appealed from was vacated by the appeal, but whether the whole case or only the motion for vacation was transferred by the appeal to the district court, is a. *565 question about which there is a diversity of opinion, and which we do not now find it necessary to determine.
If the question made by the motion, and nothing more, was before the district court, it is quite certain that affidavits were competent as evidence upon the hearing of it; and if the whole case was transferred to the district court, it stood there, as in the court of common pleas, subject to' a motion for an interlocutory order dissolving the injunction, and in that event the same evidence was admissible.
So that we find no error in the judgment below.

Motion overruled.